CHARLES BERGER, TRADING AS BERGER FERTILIZER AND CHEMICAL COMPANY, PLAINTIFF, v. THOMAS DARMINIO, DEFENDANT.

Decided September 11, 1928.

For the motion, *Edward R. Deibert.*

*Contra, Philip Wendkos.*

KATZENBACH, J. The plaintiff trades as the Berger Fertilizer and Chemical Company. In the year 1925 and 1926 he sold to Thomas Darminio fertilizer which was used upon his farm. The account was not paid and was put in the hands of an attorney for collection, who instituted in behalf of the plaintiff an action against the defendant upon the book account. The defendant interviewed the plaintiff. The plaintiff agreed to accept a promissory note for the amount of the debt, payable on August 1st, 1927. This note was made out in the office of the attorney and signed by the defendant. The affidavit of the clerk in the office of the attorney for the plaintiff states that the defendant advised the attorney at the time of the delivery of the note that the fertilizer was unsatisfactory and that he had lost money in the year 1926, but he did not want any suit against him and therefore gave

the note. The proceedings in this suit were discontinued. The note was not paid at maturity. Suit was instituted upon the note. Judgment by default was taken but the judgment was opened by consent of the attorney for the plaintiff and an answer and counter-claim were filed by the defendant. These pleadings set up that the fertilizer was not of the purported analysis and that the defendant had been damaged thereby. The present motion is to strike out this answer and counter-claim. The grounds for the motion are that they are sham and frivolous. They are not frivolous. The question turns upon whether the defenses are sham defenses.

The suit is between the maker and the payee of the note, and the defendant is entitled, therefore, to make the same defenses as if the suit were upon the book account. While not particularly impressed with the defenses set up, the defendant has made an affidavit that the fertilizer was not up to the warranty given by the agent of the plaintiff who sold it to the defendant and that at the time of the delivery of the note the defendant made it distinctly understood that the fertilizer was not as represented. There is not sufficient evidence that the note was given by way of compromise and the defenses now set up waived. I am, therefore, of the opinion that the defendant is entitled to have his testimony passed upon by a jury. I shall, therefore, permit the answer and counter-claim to stand.

This view results in a denial of the motion to strike out the defenses and for the entering of judgment final.